[Cite as *In re Dissolution of Marriage of McAdams v. McAdams*, 2016-Ohio-3190.]
## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

In the Matter of the Dissolution of : 
the Marriage of:

:

Christine McAdams,

:

      Petitioner-Appellant,

: No. 15AP-1055

v.                                      (C.P.C. No. 98DR-4791)

:

Robert McAdams,                          (REGULAR CALENDAR)

:

      Petitioner-Appellee.

:

---

## D E C I S I O N

### Rendered on May 26, 2016

---

**On brief:** *Swope and Swope – Attorneys at Law, Richard F. Swope,* and *Kristy Swope,* for appellant. **Argued:** *Richard F. Swope.*

**On brief:** *Raymond J. Mularski,* and *David M. Kennedy,* for appellee.

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

TYACK, J.

{¶ 1} Christine McAdams and Robert McAdams had their marriage dissolved via a Decree of Dissolution which was journalized on December 22, 1998. In 1998, Ohio did not let retirement benefits from the Ohio Public Employees Retirement System ("OPERS") be divided through the use of a Qualified Domestic Relations Order, commonly called a "QDRO." As a result, attorneys who practiced domestic relations law in the late 1990's had to come up with creative ways to make sure the parties to a dissolution were treated fairly. The problem was complicated further by the fact that post-decree motions to modify spousal support orders were severely limited.

{¶ 2} The separation agreements involving Christina McAdams and Robert McAdams tried to achieve a fair resolution of the problem of how to allocate to Christina a fair share of Robert's benefits under OPERS of which he was a member and to which he would remain a member because his public employment was to continue after the dissolution.

{¶ 3} In an addendum to their initial separation agreement, the parties agreed that as of December 22, 1998, Christina was entitled to $28,631.78 of Robert's retirement benefits, reflecting 31.14 percent of his fund with OPERS.

{¶ 4} In the same addendum to the separation agreement, the parties attempted to work with the interconnected issues of child and spousal support. Robert agreed to pay $316.20 per month in undifferentiated spousal support and child support initially, with the amount of the payment being non-modifiable.

{¶ 5} Once payments to Robert from OPERS began, the payments were to become $400.74 per month plus a mandatory processing fee. Since at that time OPERS retirement benefits were regularly modified based on changes in the cost of living, the parties attempted to allow the monthly payments to increase as Robert received cost of living adjustments. This was consistent with the agreement that Christina was entitled to 31.14 percent of the OPERS fund in Robert's name.

{¶ 6} On September 16, 2015, counsel for Robert filed a motion requesting that his spousal support order be terminated based upon a theory that he had paid $28,631.78 and thus had paid the amount required to equalize the retirement benefits. The motion did not mention the agreed upon increases. The motion was set for a hearing on November 25, 2015. Christina was notified of the motion and hearing by certified mail.

{¶ 7} Despite setting the motion for an evidentiary hearing, counsel for Robert submitted an entry to the trial court granting the relief sought.

{¶ 8} For reasons not clear, the trial court judge assigned to the case signed the entry before the date set for an evidentiary hearing. This appeal ensued.

{¶ 9} Counsel for Christina has assigned two errors for our consideration:

> [I.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN SUSTAINING PETITIONER-APPELLEE'S MOTION TO TERMINATE SPOUSAL SUPPORT BEFORE THE SCHEDULED HEARING AND WITHOUT ANY EVIDENCE SUPPORTING THE MOTION, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO

THE U.S. CONSTITUTION AND ARTICLE I, SECTION 16, OF THE OHIO CONSTITUTION.

[II.] THE TRIAL COURT'S RULING IS CONTRARY TO LAW AND NOT SUPPORTED BY THE DECREE OF DISSOLUTION, AND INCORPORATED ADDENDUM TO SEPARATION AGREEMENT, OF THE FRANKLIN COUNTY COURT OF COMMON PLEAS, DIVISION OF DOMESTIC RELATIONS, CONSTITUTING AN ABUSE OF DISCRETION.

{¶ 10} Simply stated, the trial court judge did not have before her all the information necessary to decide whether or not spousal support should be terminated. If the $28,631.78 amount had been paid in December of 1998, the spousal support/property settlement could have been resolved then. The funds were not paid then.

{¶ 11} Members of OPERS have experienced several cost of living increases since 1998. The funds on deposit have grown in the intervening years. The motion filed on behalf of Robert does not provide the information necessary to compute what dollar amount paid by Robert would be necessary to reflect the money Christina would have recovered or be entitled to recover had she been awarded a fund reflecting 31.14 percent of the value of Robert's interest in OPERS in late 1998. The computation will not be easily done, since it will need to consider the growth of Christina's portion of the fund while also appropriately crediting Robert for the payments he has already made.

{¶ 12} Both assignments of error are sustained. The judgment of the trial court is vacated and the case is remanded for further appropriate proceedings to determine the merits of the motions.

*Judgment vacated;*
*cause remanded.*

DORRIAN, P.J., concurs.
HORTON, J., concurs in judgment only.

_____